UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62854-BLOOM/Valle

In re:                                                          Case No. 16-17505-RBR
                                                                CHAPTER 11
IRON BRIDGE TOOLS, INC.,

    Debtor.
_____/

IRON BRIDGE TOOLS, INC.,                                        Adv. Pro. No. 16-01541-RBR

    Plaintiff,

v.

CARDINAL GROUP SERVICES, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO WITHDRAW REFERENCE

**THIS CAUSE** is before the Court on Defendants Equity Capital Partners LLC, Jaleel Lewis, and Freeman Perry's (collectively, the "Defendants") Motion to Withdraw Reference, ECF No. [1] (the "Motion"). The Court has carefully considered the Motion, Plaintiff Iron Bridge Tools, Inc.'s ("Plaintiff") Response, ECF No. [1-1], and Defendants' Reply, ECF No. [1-2], in addition to the supporting record materials, and the Court is otherwise fully advised in the premises.

    I.    **BACKGROUND**

This matter arises out of the Chapter 11 Voluntary Petition for Bankruptcy filed by Plaintiff on May 25, 2016 (Case No 16-17505-RBR). Plaintiff commenced this adversary proceeding on September 30, 2016 against Defendants and other defendants (Adv. Pro. No. 16-01541-RBR) asserting claims for fraudulent transfer, fraudulent misrepresentation, negligent

misrepresentation, conversion, civil theft, contract implied in law, and civil conspiracy. Defendants now move the Court to withdraw reference of the adversary proceeding currently before the United States Bankruptcy Court for the Southern District of Florida. Essentially, Defendants seek withdrawal of the reference on the bases that the claims asserted against them are "non-core" and that Defendants have validly demanded a jury trial, which they do not consent to the Bankruptcy Court conducting. In response, Plaintiff opposes withdrawal of the reference at this time given that the adversary proceeding is in its early stages, that various defendants have yet to enter an appearance, and that it is too early to determine whether Plaintiff's claims are likely to reach trial. In the alternative, should the reference be withdrawn, Plaintiff requests that the Court allow the Bankruptcy Court to conduct all pre-trial matters including discovery and dispositive motions.

## II.  LEGAL STANDARD

"A district court 'may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court] . . . for cause shown.'" *In re Armenta*, 2013 WL 4786584, at *1 (S.D. Fla. Sept. 6, 2013) (quoting 28 U.S.C. § 157(d)) (alteration in original). Congress has not provided a definition or an explanation of the "cause" required for permissive withdrawal under 28 U.S.C. § 157(d), but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). "In determining whether cause exists, a district court should consider goals such as: (1) uniformity in bankruptcy administration; (2) decreasing forum shopping; (3) efficient use of resources of the courts and the parties; and (4) the avoidance of delay." *Armenta*, 2013 WL 4786584, at *1 (citing *Dionne v. Simmons*, 200 F.3d 738, 742 (11th Cir. 2000), and *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004)). "The district court should also examine whether a jury demand has been

made and whether the claims are core or non-core." *Id.* (citing *Holmes*, 315 F. Supp. 2d at 1381). The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. *See In re Fundamental Long Term Care, Inc.*, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998)).

### III.  DISCUSSION

Two of the above mentioned factors weigh significantly in favor of withdrawing the bankruptcy referral. First, the parties are in agreement that Plaintiff's fraudulent transfer claims are treated as non-core,[1] and Plaintiff does not dispute that its remaining state law claims are also non-core. Second, Defendants have demanded a jury trial. *See Certified HR Servs. Co.*, 2008 WL 9424996, at *3 (that all of the claims at issue were non-core claims and that defendants demanded a jury trial "weigh[ed] significantly in favor" of withdrawing the bankruptcy referral for purposes of a jury trial). Furthermore, with respect to judicial economy, the Court recognizes that the "two-step process" wherein a district court reviews *de novo* a bankruptcy court's decision in a non-core proceeding can be avoided here by withdrawing the bankruptcy referral. *See id.*

Plaintiff nevertheless focuses on the early stage of the instant adversary proceeding and argues that the efficient use of judicial resources and the avoidance of delay dictate that "this adversary proceeding [] continue in the Bankruptcy Court for all pretrial matters" and therefore

---

[1] "The core/non-core dichotomy delineates proceedings between those arising under Title 11 and all other claims." *In re Certified HR Servs Co.*, 2008 WL 9424996, at *3 (S.D. Fla. May 30, 2008) (citations omitted); *see also In re Toledo*, 170 F.3d 1340, 1349 (11th Cir. 1999) ("If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding."). Although bankruptcy judges have statutory authority under 28 U.S.C. § 157(b)(2) to hear fraudulent conveyance claims, the Supreme Court has recently recognized that "Article III does not permit these claims to be treated as 'core.'" *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014). However, because such claims are nevertheless "related to a case under title 11[,]" bankruptcy judges are permitted to submit proposed findings of fact and conclusions of law to the district court for *de novo* review. *Id.* (citing 28 U.S.C. § 157(c)(1)).

requests "the Court to . . . deny the motion to withdraw reference and to consider it again if and when the proceeding is trial ready." ECF No. [1-1] at 7. There is merit to Plaintiff's argument, especially in this District. *See, e.g.*, *Armenta*, 2013 WL 4786584, at *2 ("Although a demand for a jury trial in a non-core case can justify withdrawal of the reference, such a demand may be insufficient to constitute 'cause shown' for purposes of 28 U.S.C. § 157(d) at the early stages of a proceeding.") (citing *In re Aurora Capital, Inc.*, 2013 WL 2156821, at *2 (S.D. Fla. May 17, 2013)). For example, in declining to withdraw a bankruptcy referral *until the adversary proceeding required a jury trial*, the court in *Armenta* found dispositive "[t]he interests of efficiency and uniformity[,]" reasoning as follows:

> The Bankruptcy Court is already familiar with this adversary proceeding and the bankruptcy case to which it relates, and is well capable of supervising discovery and other pretrial matters. Moreover, the adversary proceeding is in its early stages, having been filed just over two months ago and with a motion to dismiss currently pending before the Bankruptcy Court. Therefore, the Court finds that withdrawal of the reference for trial is presently premature, and will be appropriate only if and when this adversary proceeding becomes ready for a jury trial.

2013 WL 4786584, at *2 (citing *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir.1993), and *In re IndyMac Bancorp Inc.*, 2011 WL 2883012 at *5-7 (C.D. Cal. July 15, 2011)); *see also IndyMac Bancorp Inc.*, 2011 WL 2883012 at *5-7 (finding bankruptcy court appropriate forum for non-core proceeding because of its familiarity with facts of case). As in *Armenta*, the instant adversary proceeding is in its early stages, having been filed approximately three months ago and with a motion to dismiss currently pending before the Bankruptcy Court. *See* ECF No. [1-1] at 2. Furthermore, some of the named Defendants have yet to appear.

Importantly, where courts in this District have elected to withdraw bankruptcy referrals, they have customarily allowed the Bankruptcy Court to conduct all pre-trial matters. For example, in *Certified HR Services Company*, the court withdrew the bankruptcy referral where

the claims at issue were non-core and the defendants demanded a jury trial, but did so "for the sole purpose of [it] conducting a jury trial and allowing the Bankruptcy Court to conduct all pre-trial matters, including any dispositive motions."  2008 WL 9424996, at *4.  The court emphasized that such a limited withdrawal of the bankruptcy referral would alleviate "any danger of delay or frustration of the ongoing bankruptcy action pending before the Bankruptcy Court . . . ."  2008 WL 9424996, at *4.  Similarly, in *Aurora Capital*, the court found that withdrawal of the bankruptcy referral would be appropriate for purposes of conducting the jury trial (as demanded by the defendants), but nevertheless observed that, "at [that] point in the proceedings, the withdrawal would be premature."  2013 WL 2156821, at *2.  Accordingly, the court withdrew the bankruptcy referral "only for the purposes of jury trial, and [left] the reference intact as to all pretrial matters."  *Id.*

Ultimately the Court finds that Defendants' right to a jury trial for the non-core claims alleged against them in the instant adversary proceeding, coupled with considerations of conserving judicial resources, constitutes "cause" under 28 U.S.C. § 157(d).  However, the Court will follow suit with "the custom of this District" – as identified above – and withdraw the bankruptcy referral for the sole and limited purpose of conducting a trial in this matter on all claims asserted against the Defendants and thereby allowing the bankruptcy court to conduct all pre-trial matters, including discovery and any dispositive motions.  *Certified HR Servs. Co.*, 2008 WL 9424996, at *6.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Withdraw Reference, ECF No. [1], is **GRANTED** as follows:

Case No. 16-cv-62854-BLOOM/Valle

1. The Bankruptcy Court referral is **WITHDRAWN IN PART** for the sole purpose of a jury trial, and affirmed in all other respects, including for discovery and the hearing and determination of case dispositive motions.

2. The **CLERK** shall **CLOSE** this case. If and when this case becomes ready for trial, it shall be re-opened and placed on the Court's trial calendar upon motion of any of the parties or the Court's own motion.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of January, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record